[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The sole assignment of error, alleging that the trial court's determination that defendant-appellant James Collins was a sexual predator was against the manifest weight of the evidence, is overruled.
A sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). The state must prove by clear and convincing evidence that an offender is a sexual predator. See R.C. 2950.09(B)(3); State v. Eppinger (2001),91 Ohio St.3d 158, 743 N.E.2d 881; State v. Cook (1998), 83 Ohio St.3d 404,700 N.E.2d 570.
Collins pleaded guilty to two counts of rape and one count of gross sexual imposition, which are sexually-oriented offenses pursuant to R.C.2950.01(D)(1) and (2)(a). The issue for the trial court to determine was whether Collins was likely to commit another sexually oriented offense in the future.
R.C. 2950.09(B)(2) provides,
 In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
The offender's age;
 The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 Whether the sexually oriented offense for which the sentence is to be imposed involved multiple victims;
 Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
Any mental illness or mental disability of the offender;
 The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 Any additional behavioral characteristics that contribute to the offender's conduct.
 Collins was twenty-nine years old at the time of the crimes. His victims were three girls, all under the age of thirteen. One of the victims was Collins's eleven-year-old niece. Collins rubbed his penis on his niece's rectum and vagina. Collins engaged in anal intercourse with the other two girls. One of the girls contracted gonorrhea. The offenses occurred on different dates, over the course of several months. Soon after pleading guilty, Collins was evaluated by a clinical psychologist from the Court Psychiatric Center. The psychologist reported that there was "some concern about future acting out in a similar fashion." Collins had an extensive criminal history that included burglary, drug abuse, menacing, disorderly conduct, resisting arrest, theft, and forgery. While incarcerated, Collins was disciplined for assault on another inmate, stealing, and "aiding and abetting."
Collins completed a twelve-step program, an OA Techniques program, and a number of hours of classroom, lab, and job training in prison. He had enrolled in a sex-offender program, but had not completed it at the time of the hearing.
Following a review of the record, we hold that the trial court's determination that Collins is likely to commit another sexually-oriented offense in the future is not against the manifest weight of the evidence. We note that the trial court followed the three-step procedure for sexual-predator hearings set forth by the Ohio Supreme Court in Statev. Eppinger, supra, in that (1) an ample record for review was created; (2) no expert testimony was required because Collins had pleaded guilty to more than one sexually-oriented offense, see State v. Ingram (May 11, 2001), Hamilton App. No. C-000718, unreported; and (3) the trial court discussed on the record the evidence supporting the sexual-predator determination.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Winkler, JJ.